IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| ROBERT CURTIS BROWN, | ) | |
| | ) | |
| Petitioner, | ) | No. 2:05-cr-825-DCN |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on plaintiff Robert Curtis Brown's ("Brown") motion to correct his sentence pursuant to 28 U.S.C. § 2255, ECF No. 77. For the reasons set forth below, the court denies the motion.

## I. BACKGROUND

On August 10, 2005, Brown was indicted in this District for being a felon in possession of a firearm and ammunition, a violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1). ECF No. 2. On May 1, 2006, Brown entered a guilty plea to Count 1 of the indictment without a written plea agreement. ECF No. 50. After a Rule 11 hearing before this court, Brown was adjudged guilty. ECF No. 55.

In his Presentence Report ("PSR"), it was determined that Brown had at least three prior "violent felony" convictions which qualified him for a sentence enhancement as established in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The PSR identified the following New York convictions as predicate offenses under ACCA: one count of Forcible Theft with a Deadly Weapon, N.Y. Penal Law § 160.15,[1] ¶ 9; and

---

[1] The crime of "Forcible Theft with a Deadly Weapon" does not appear explicitly in the New York Penal Code. However, a district court case, United States v. Green, No. 92-

1

three counts of Robbery 1st, N.Y. Penal Law § 160.15, ¶¶ 10, 11, and 12. On August 22, 2006, Brown was found at sentencing to be an armed career criminal and sentenced to 180 months' imprisonment, as recommended by the guideline range for imprisonment in light of his armed career criminal status. He also received five years supervised release and was required to pay a $100 special assessment fee. The Judgement Order was entered on September 26, 2006. ECF No. 55.

On May 11, 2016, Brown, through his counsel, filed a timely motion to vacate under § 2255 challenging his convictions under the new rule established in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). ECF No. 77. The government moved to dismiss on June 27, 2016, ECF No. 79, to which Brown responded on July 6, 2016, ECF No. 80.

## II. STANDARD

A prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The burden of proof rests upon the petitioner to establish the merits of his petition by a preponderance of the evidence. <u>See</u>, <u>Miller v. United States</u>, 261 F.2d 546, 547 (4th Cir. 1958).

## III. DISCUSSION

Brown requests relief under <u>Johnson</u>, arguing that he was improperly classified as an armed career criminal under ACCA. Under § 924(e), a person who has violated § 922(g) and has three prior violent felony convictions will be subject to a minimum

---

CR-159C-03, 1992 WL 212235, at *2 (W.D.N.Y. July 14, 1992), refers to Forcible Theft with a Deadly Weapon as falling under § 160.15.

sentence of fifteen years.  Section 924(e) identifies a violent felony through three sets of criteria: (1) requiring the felony to have "as an element the use, attempted use, or threatened use of physical force against the person of another," commonly referred to as the "force clause"; (2) individually listing "burglary, arson, extortion, or [any felony that] involves the use of explosives," commonly referred to as the "enumerated clause"; or further including any felony which "otherwise involves conduct that presents a serious risk of potential injury to another," commonly referred to as the "residual clause." 18 U.S.C. § 924(e)(2)(B)(i)–(ii).

On June 26, 2015, the Supreme Court in Johnson struck down § 924(e)'s residual clause as unconstitutionally vague, determining it violates the constitutional promise of due process.  Johnson, 135 S. Ct. at 2557.  The Supreme Court later declared this new rule to be retroactive in Welch v. United States, 136 S.Ct. 1257 (2016), opening the doors for prisoners previously convicted under § 924(e) to file petitions under 28 U.S.C. § 2255 to have their sentences reconsidered as long as they were filed within one year of the Johnson decision.  Under § 2255, "a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).  Given that § 924(e)'s residual clause has been declared unconstitutional, for Brown to prevail on a § 2255 petition, he must show that his prior violent felonies undergirding his § 924(e) sentence enhancement do not qualify as violent felonies under §924(e)'s force clause and are not one of the enumerated crimes in § 924(e)(2)(B)(ii).

Brown was convicted of three counts of first-degree robbery and one count of forcible theft with a deadly weapon, all of which are felonies under New York penal code § 160.15. The New York offense of robbery in the first degree occurs when a person:

> <u>forcibly steals</u> property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime:
> 1. Causes serious physical injury to any person who is not a participant in the crime; or
> 2. Is armed with a deadly weapon; or
> 3. Uses or threatens the immediate use of dangerous instrument; or
> 4. Displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm.

N.Y. Penal Law § 160.15 (emphasis added). Forcibly stealing, as referenced in § 160.15, is defined in § 160.00 and occurs when:

> in the course of committing a larceny, [a person] uses or threatens the immediate use of <u>physical force</u> upon another person for the purpose of:
> 1. Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or
> 2. Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the larceny.

<u>Id.</u> § 160.00 (emphasis added).

The Supreme Court found that the use of physical force which is necessary to commit common law robbery falls under ACCA's physical force requirement. <u>Stokeling v. United States</u>, 139 S. Ct. 544, 555 (2019) (finding that "the term 'physical force' in ACCA encompasses the degree of force necessary to commit common-law robbery"). The common law element of forcibly stealing is present in New York robbery of any degree. <u>United States v. Thrower</u>, __F.3d__ 2019 WL 3385652, at 4 (2d Cir. Jan. 31, 2019). New York courts have similarly found that the language of New York robbery statutes closely matches ACCA's violent felony definition. <u>See, e.g.</u>, <u>id.</u> at 3 ("By its

4

plain language, the New York robbery statute matches the ACCA definition of a 'violent felony.'"); Stuckey v. United States, 224 F.Supp. 3d 219, 226 (2nd Cir. 2016) (finding that "the subsections of the New York First-degree robbery statute . . . have as an element the use of violent force"). Predicate offenses under ACCA include those that have as an element "the use . . . or threatened use of physical force." 18 U.S.C. § 924(e)(2)(B)(i). New York robbery requires the "use[ ] or threaten[ed] . . . immediate use of physical force." Thrower, 2019 WL 3385652 at 3. Accordingly, the Second Circuit ruled that "New York robbery in the first degree is [] a 'violent felony' under ACCA." Id. at 4.

Thus, the court finds that Brown's prior conviction for forcible theft with a deadly weapon and three prior convictions for robbery in the first degree are violent felonies as described in 18 U.S.C. § 924(e)(2)(B)(i). Because these convictions continue to serve as ACCA predicates for Brown's conviction, the court denies his § 2255 motion.

## IV.  CONCLUSION

For the foregoing reasons, the court **DENIES** Brown's motion to vacate.

**AND IT IS SO ORDERED.**

                **DAVID C. NORTON**
                **UNITED STATES DISTRICT JUDGE**

**February 22, 2019**
**Charleston, South Carolina**